UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELINE CANO YORRO
JACQUELINE YORRO (SAME),

                Plaintiff,

-against-

THE UNITED STATES FEDERAL CLAIMS
AGAINST CORRECTIONAL OFFICERS
CITY OFFICERS CROOKED FEDERAL'S
BANK FRAUD ON A FEDERAL
SURVEILANCE AUDIO BUILK FEDERAL
RECORDER ON A STATEOUT
SURVEILANCE, et al.,

                Defendants.

21-CV-4802 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking this Court's federal

question jurisdiction, 28 U.S.C. 1331. She alleges that Defendants violated her "human rights in

555 Prisoner Rights pain suffering, disfirmation [sic] of character abuse emotionally, internet

wiring fraud mentally abused, identity theft by inmate Tara Taggart Osha Jerry Duplisses's I.G.

Jane Cotto Chris Nuñez." (ECF 2, at 2.)

By order dated June 11, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court

dismisses the complaint for failure to state a claim, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action against several different defendants concerning unrelated events. The defendants listed in the body of the complaint are as follows: (1) Rafael Abel Cano, an "ex Federal Agent I.G" who works at "I.G. in the state"; (2) OSHA Duplisse's Joe

2

Corporation; (3) OSHA/International affairs, "Jerry Brodala forma"; and (4) Nancy Peña,

"Parole Officer Bronx/ with Lincoln parole/federal parole," who is located in Yonkers. (ECF 2, at

4-5.) Plaintiff alleges that the events giving rise to her claims occurred from 2014 to 2021 at

Riker's Island, and at the Taconic, Bedford Hills, and Albion correctional facilities.

Plaintiff alleges the following, verbatim:

I, Jacqueline Yorro reported all of my 5-5-14 occurrences since 2014 claim 2014P1020227 2016 Upstate Facility's, Taconic, Tampering with my legal mail everything on Record/Filed and Federal Bulk with a Federal Recorder on a surveillance state out, who attorney Justine Olderman Vanessa McKay, Federal of one police headquarters helped me, with Commissioner Kelly of the NYPD. Recorder 388 and Bulk Kiosk 4642 - 5-25-21. On my lawsuit is based on evidence/proofs that supports, pain suffering/disturbing the piece withholding legal mail/letters and postal services tampering with my claims/checks recorder 5018 set up by, George Rivera the dept of corrections. . . . All my lost advances ad lost social security benefits stolen by IMA Elizabeth Torres 124 proof/recorder. Gigi Jordan disturbing the piece, wiring laundry money and setting me up with inmates and Assistant, and withholding my benefits Internet fraud, with John N. Sweeney and the Center of Appeligation, David Klump, 5019 on Recorder/kiosk attorneys on Recorder 2527 024 camera tape 027 kiosk 4648 and my identity theft is on the federal trading 8084 5659.

(*Id.* at 5-6.) For Plaintiff's injuries she states that she "was assaulted by Officer Rodriguez same

of 2014" and that she "was electr[o]cuted 2016." (*Id.*) She seeks unspecified damages.

On the first page of the complaint, Plaintiff includes docket number 19-CV-7688 (CM), a

closed case in which Judge Colleen McMahon had granted Plaintiff leave to file an amended

complaint. *See Yorro v. Jordan*, ECF 1:19-CV-7688, 5 (S.D.N.Y. Feb. 21, 2020). Plaintiff's

allegations in the prior case followed a similar pattern as the allegations asserted here. For

example, Plaintiff alleged in the 19-CV-7688 matter that "when inmates/parolee working with

OSI, I.G. OSHA and City officer Rodriguez 15812 Retaliating with the same inmates and present

family relations who work for the State of NYS DOCC's and Christopher Nunez OSI/Abraham

Brown/Peralta Montiscello [sic] C." *Id.* (ECF 2, at 4.) After Plaintiff filed an amended complaint,

Judge McMahon concluded that the amended pleading did not comply with Rule 8's pleading standard and dismissed the action for failure to state a claim. *Id.* (ECF 10).

## DISCUSSION

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of *pro se* plaintiff's 88-page, legal size, single spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8"); *Lafurno v. Walters*, No. 18-CV-1935 (JS) (ARL), 2018 WL 2766144, at *3 (E.D.N.Y. June 8, 2018) (dismissing *pro se* plaintiff's 61-page complaint that included a 66-page "memorandum of law" and 157-page "affidavit"); *The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670, 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.").

Plaintiff fails to make a short and plain statement showing that she is entitled to relief. In fact, the Court cannot discern any claim that Plaintiff is attempting to assert. Similar to Judge McMahon in the 19-CV-7688 matter, the Court concludes here that Plaintiff's allegations fail to

comply with Rule 8 because they do not allow a court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although the Court finds that it is unlikely that Plaintiff can allege additional facts to state a valid claim, in light of her *pro se* status, the Court grants Plaintiff 30 days' leave to replead.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 28, 2021
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
